IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEANTE GHOLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-491 (MTT) |
| | ) |
| Warden JOSE MORALES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff Deante Gholston is an inmate within the Georgia Department of Corrections ("GDC") housed in the Special Management Unit of the Georgia Diagnostic and Classification Prison ("SMU"). Doc. 53 at 1. In this case, Gholston brings claims for damages under the Eighth and Fourteenth Amendments based on alleged due process violations that occurred when he was transferred from the SMU's C-Wing into the E-Wing and subsequent conditions of confinement while he was housed in E-Wing. *Id.*

United States Magistrate Judge Charles H. Weigle recommends granting Defendants' motion to dismiss (Doc. 33) both claims for failure to exhaust administrative remedies. *Id.* The Magistrate Judge also recommends denying Gholston's motions to supplement (Docs. 47; 48) because Gholston's proposed new claims "involve incidents that took place after the filing of the present lawsuit [and] it is clear that Plaintiff did not exhaust administrative remedies related to these claims prior to filing suit." *Id.* at 1, 8.

Gholston has filed an objection (Doc. 54), so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo.

In his objection, Gholston suggests the GDC is in violation of "the settlement agreement." Doc. 54 at 4. While that may be true, the settlement agreement Gholston references is simply irrelevant to his claims for damages under 42 U.S.C. § 1983 because that agreement only pertains to claims for declaratory and injunctive relief. Doc. 256-1 at 25 in *Gumm v. Jacobs*, 5:14-cv-41-MTT (M.D. Ga. May 7, 2019). Citing the *Gumm* settlement agreement, this Court held Gholston's "claims for injunctive and declaratory relief [were] barred" because the "Implementation and Enforcement" section of the settlement agreement provides the exclusive vehicle for addressing such wrongs. Doc. 21 at 9. Accordingly, only Gholston's claims for damages under 42 U.S.C. § 1983 were allowed to proceed. Doc. 27. Those claims, both not covered by the settlement agreement, are clearly subject to the exhaustion requirement set forth in the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a).

After a thorough review, the Court adopts the proposed findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 53) is **ADOPTED** and made the order of the Court. Accordingly, the Defendants' motion to dismiss (Doc. 33) is **GRANTED**. Gholston's motions for leave to file a supplemental complaint (Docs. 47; 48) are **DENIED**.

**SO ORDERED**, this 27th day of January, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT